UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CR-107 RM |
| | ) | |
| LAWRENCE HELLER (02) | ) | |

OPINION AND ORDER

To the extent defendant Lawrence Heller's request for new counsel filed on October 17, 2008 [docket # 96] seeks the appointment of counsel for purposes of staying or delaying execution of his sentence, the court DENIES the motion. The Criminal Justice Act, 18 U.S.C. § 3006A, provides in part that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). "[A]ncillary matters refer[] to those involved in defending the principal criminal charge and not to post-conviction proceedings." United States v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). For example, motions to modify a sentence pursuant to Federal Rule Criminal Procedure 35(b) are not ancillary matters. Id. at 1010; *see also* United States v. Reddick, 53 F.3d 462 (2d Cir. 1995). There is no indication in the legislative history of the amendment adding "ancillary matters" to § 3006A(c) that it was "intended to create a statutory right to counsel to aid in the filing of motions after final conviction[; t]he appointment of counsel in these instances is a matter within the sound discretion of the district court." Id. at 1011 (internal quotation and

citation omitted). Similarly, the Supreme Court has held that the constitutional right to counsel extends only through the defendants' first appeal. Coleman v. Thompson, 501 U.S. 722 (1991). Mr. Heller hasn't filed an appeal; the court therefore declines to appoint counsel to Mr. Heller for the purpose of assisting him in filing a motion to stay execution of his sentence.

To the extent Mr. Heller's request for new counsel filed on October 17, 2008 seeks the appointment of counsel for purposes of assisting with his motion pursuant to 28 U.S.C. § 2255, the court notes that it has given the government time to respond to Mr. Heller's § 2255 motion and will defer ruling on Mr. Heller's motion for new counsel as it applies to the § 2255 motion until after the government files its response. See United Sates v. Fowler, No. 1:03-CR-38, 2007 WL 3046773, at *4 (N.D. Ind. Oct. 16, 2007) ("While there is no right to appointed counsel at the post-conviction stage, the Criminal Justice Act does give federal courts the discretion to appoint counsel for 28 U.S.C. § 2255 challenges if 'the court determines that the interests of justice so require.'") (citing 18 U.S.C. § 3006A(a)(2)).

Except as otherwise provided herein, having reviewed Mr. Heller's motions to stay execution of sentence filed on October 20, 2008 [docket # 99 and # 100], the court DENIES the motions.

SO ORDERED.

ENTERED:     October 20, 2008

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court