UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CV-477 RM |
| | ) | (Arising out of 3:07-CR-107(02) RM) |
| | ) | |
| LAWRENCE HELLER (02) | ) | |

OPINION AND ORDER

Lawrence Heller pleaded guilty to possession of over 100 pounds of marijuana with the intent to deliver in violation of 21 U.S.C. § 841(a)(1) and (b). The court sentenced Mr. Heller to twenty-seven months' imprisonment followed by three years supervised released. Mr. Heller is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255, stating that he unknowingly and involuntarily entered into the guilty plea, he received ineffective assistance of counsel, and his medical problems necessitate a reduction in sentence. For the reasons that follow, the court denies Mr. Heller's petition.

DISCUSSION

Relief under § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds, United States v. Ceballos, 302 F.3d 679 (7th Cir.

2002). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the motion and files and records in this case conclusively demonstrate that Mr. Heller isn't entitled to relief, the court decides this matter without an evidentiary hearing.

Heller's plea agreement reveals that he waived his right to appeal his conviction and to contest his sentence in a § 2255 proceeding. Mr. Heller's plea agreement, signed by Mr. Heller, his attorney Mark Lenyo, and Assistant United States Attorney Frank Schaffer, contains the following language in paragraph 9(e):

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement,
>
> **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;**

(emphasis in original). The court further explained this waiver at the plea hearing:

> [I]f from here on out I do anything with respect to the case that you don't think was right . . . or if Mr. Lenyo in trying to represent you did anything with respect to the case that you didn't think was right, even if whatever wasn't right meant your sentence was longer than it

> should have been . . . you won't be able to complain about that to this court or to any other court.

Plea Hrg. Tr., pp. 11-12. Mr. Heller acknowledged that he understood this waiver. Plea Hrg. Tr., p. 12. Despite the waivers and admissions in his plea agreement, Mr. Heller asks that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

Courts enforce a plea agreement's appellate and collateral attack waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." Unites States v. Blinn, 490 F.3d 586, 588 (7th Cir.2007). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *See* United States v. Jemison, 237 F.3d 911, 917 (7th Cir. 2001). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary." United States v. Schuh, 289 F.3d 968, 975 (7th Cir. 2002).

The "right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). If the defendant can demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver, then the waiver isn't effective against a § 2255 challenge. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). An enforceable waiver bars ineffective assistance claims relating to anything other than the plea

3

negotiation – for example, those related to counsel's performance at sentencing. *See* Bridgeman v. United States, 229 F.3d 589, 593 (7th Cir. 2000); *see also* Jones v. United States, 167 F.3d at 1145; Mason v. United States, 211 F.3d at 1069 (noting that a waiver of the right to file a § 2255 petition is only unenforceable if the movant establishes a claim of "ineffective assistance of counsel in connection with negotiating the agreement" or if the waiver was unknowing or involuntary).

Although Mr. Heller waived the right to attack his sentence, he argues that various actions and inactions of his counsel rendered counsel's representation ineffective in violation of the Sixth Amendment, thereby justifying his claim for relief under § 2255. To prevail on an ineffective assistance of counsel claim, Mr. Heller must show that his counsel's performance was objectively unreasonable or deficient and that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). Mr. Heller must point to specific acts or omissions by his counsel that constitute ineffective assistance, and the court must decide whether these acts or omissions were made outside the wide range of professionally competent assistance. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "Even if counsel's performance was deficient, [Mr. Heller] must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (citation omitted). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr.

4

Heller] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002) (citations omitted).

*Voluntariness of the Plea Agreement*

Mr. Heller claims his plea was unknowing and involuntary because he didn't fully understand the plea agreement or its ramifications and his attorney didn't effectively or sufficiently apprise him of such ramifications. He also contends that he was ill during the hearing and wasn't thinking clearly. Mr. Heller contends that his attorney told him to say only that he agrees with whatever he is asked about.

After a careful review of the transcript of Mr. Heller's Rule 11 hearing, the court finds that Mr. Heller hasn't overcome the strong presumption of verity that attaches to the statements of voluntariness and understanding that he made during that hearing. At the hearing, Mr. Heller stated that he grew up speaking English, can read, write and understand English, attended two years of college, wasn't under the care of a doctor or a psychiatrist, and has never been treated for any mental illness or narcotics addiction of any kind. Plea Hrg. Tr., p. 4. He stated that in the previous twenty-four hours, he hadn't taken any medicine, drugs, pills or alcohol, except some cough medicine. Plea Hrg. Tr., p. 4. Neither Mr. Lenyo nor Mr. Schaffer had any concerns with Mr. Heller's competency to proceed with the guilty plea. Plea Hrg. Tr., p. 4-5. After the plea colloquy, the court found that Mr. Heller was fully competent and capable of entering an informed plea and did so knowingly and voluntarily. Plea Hrg. Tr., p. 17.

5

Mr. Heller also acknowledged during the plea hearing that he understood the specifics of his plea agreement and confirmed that his plea was voluntary and not based on any promises outside the written plea agreement. Plea Hrg. Tr., pp. 5-11. He further confirmed that he was satisfied with the representation of his counsel. Plea Hrg. Tr., p. 5. "These representations are presumed truthful," United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004), and Mr. Heller's claims to the contrary are unsupported and without merit. *See* United States v. Suggs, 374 F.3d 508, 520 (7th Cir. 2004) (the defendant's motion "directly contradicts his statements at the change of plea hearing; his motion lacks any proof for his allegations besides his own self-serving assertions."). Mr. Heller "must overcome the presumption of verity that attaches to statements made at the Rule 11 colloquy." United States v. Suggs, 374 F.3d at 520 (internal quotations and citation omitted). Mr. Heller hasn't overcome this presumption. Nothing in the record even remotely suggests that Mr. Heller wasn't competent to enter into a plea of guilty and didn't knowingly and voluntarily enter the plea agreement, including the waiver provisions it contained.

*Ineffective Assistance of Counsel*

Mr. Heller asserts that his counsel was ineffective because he told Mr. Heller that he could argue for probation at the sentencing, but the court declined to hear any arguments for a sentence of probation. The record of the plea hearing

6

proceedings belies this claim. The plea agreement states: "The parties further agree to recommend that any term of imprisonment be at the low end of the guideline range found to be applicable to this case." Plea Agr. ¶ 9(g)(iii). At the plea hearing, the court discussed that the parties both agreed to recommend a sentence at the low end of the guideline range, and Mr. Heller stated that he understood that this was the agreement. Plea Hrg. Tr., pp. 6-7.

The court explained that people who commit this crime can be sent to prison for a term of five years and that the judge is free to impose any sentence he thinks is right from zero to five years. Plea Hrg. Tr., pp. 7-8. The court stated that it will need to answer a series of questions to determine the recommended guideline range and those answers "may be very different from what someone expects, but neither side will have a right to withdraw from the plea agreement just because I didn't answer the questions the way they thought I would." Plea Hrg. Tr., p. 9. The court expounded:

> [A]s I understand it, once I have answered all of these questions under the Guidelines, you and the Government both will be recommending that I pick the sentence at the low end of that range. We don't know for sure what that will be, because I haven't answered the questions yet. But wherever it is, both of you and the Government will be recommending the sentence at the low end of the range.

Plea Hrg. Tr., p. 10. The court asked Mr. Heller if he understand the above provisions and ramifications of his plea agreement and each time he responded "yes, sir." Plea Hrg. Tr., p. 8-10. Mr. Heller also stated that other than what was discussed, nobody had made any other promises or predictions to him as to what

7

sentence he was going to get. Plea Hrg. Tr., p. 10. In accordance with the parties' understanding, the court sentenced Mr. Heller to the low-end of the applicable guideline range, or twenty-seven months. The record is insufficient to rebut Mr. Heller's representation that a reasonable sentence could be found at the low-end of the guideline range and his representation that there were no promises as to what that range might be. *See* United States v. Suggs, 374 F.3d at 520.

Mr. Heller further argues that his attorney told him that "intent to distribute" was a presumption which may not be challenged and that he believes this is an unlawful presumption of guilt. Mr. Heller doesn't assert that such alleged ineffective assistance affected his negotiation of the plea agreement. Mr. Heller admitted that he was traveling in a vehicle carrying one hundred pounds of marijuana and was aware that the marijuana was in the vehicle. He admitted that he was in the process of transporting marijuana back to Ohio for delivery. Given that the record contains no facts to the contrary, Mr. Heller hasn't demonstrated that his counsel's advice was objectively unreasonable or that he was prejudiced as a result. Mr. Heller hasn't offered any evidence that the acts or omissions of his counsel "were made outside the wide range of professional competent assistance" such that the advice rendered by counsel fell "below prevailing professional norms." Coleman v. United States, 318 F.3d 754, 758 (7th Cir. 2003).

Mr. Heller further asserts that his attorney was ineffective because he didn't adequately address all pertinent matters in presenting his motion to suppress and

didn't object adequately to the magistrate's proposed findings on that motion. Mr. Heller doesn't assert that this affected the negotiation of his plea. He hasn't provided the court with any evidence of the alleged omissions of his attorney, but just makes these bare assertions. Mr. Lenyo argued the motion to suppress in front of the magistrate judge and raised objections to the magistrate's proposed findings with this court. Before Mr. Heller filed his plea agreement, this court held a hearing on the motion to suppress and overruled Mr. Heller's objections to the magistrate's recommendations. Mr. Heller identifies no evidence that would support his claim that Mr. Lenyo was ineffective in pursuing the motion to suppress. Where a petitioner doesn't suggest evidence to support his § 2255 claim, the court needn't hold an evidentiary hearing. *See* Galbraith v. United States, 313 F.3d at 1009-1010 (finding that because petitioner presented no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support his claim, he couldn't meet the threshold requirement for securing an evidentiary hearing and his claim was denied).

Mr. Heller also contends that his counsel was ineffective at sentencing,[1] but these claims are foreclosed by his plea agreement, in which he expressly waived his right to challenge his conviction and sentence and the manner in which they

---

[1] He argues that Mr. Lenyo was ineffective for not making certain objections to the presentence report, not providing the court with various letters, not requesting a report from his treatment counselor, and not informing the court of certain information, such as Mr. Heller's job situation, medical issues, community service, and drug program participation.

9

were determined or imposed. *See e.g.,* United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). The court will strictly enforce waivers of the right to challenge a sentence included in the plea agreement. *See* United States v. Cieslowski, 410 F.3d at 364. Mr. Heller points to nothing that could have undermined the application or enforceability of his waiver. As "only arguments that would nullify the plea itself survive," Mr. Heller's claims related to the sentencing hearing or the manner in which his sentence was determined are waived. United States v. Behrman, 235 F.3d 1049, 1052 (7th Cir. 2000). Consequently, the court will not address how Mr. Lenyo handled Mr. Heller's sentencing.[2]

Mr. Heller hasn't demonstrated that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on a constitutionally impermissible factor, such as race, in imposing sentence. He hasn't provided adequate support for his argument that he wouldn't have entered into the plea agreement but for his counsel's alleged errors. Mr. Heller therefore cannot succeed on his claim of ineffective assistance of counsel.

*Mr. Heller's Medical Condition*

The court previously denied Mr. Heller's motion to stay execution of his sentence in light of his medical conditions. To the extent Mr. Heller argues that

---

[2] Even if these claims weren't waived, Mr. Heller hasn't shown that Mr. Lenyo was deficient in his representation of Mr. Heller at sentencing. In fact, Mr. Lenyo filed a sentencing memorandum raising several of the issues that Mr. Heller contends should have been raised.

10

he should have received a lesser sentence because of his health problems, he waived that argument in his plea agreement. To the extent he requests the court to modify his sentence because of health problems that arose while in prison, this court doesn't have that authority. *See* United States v. Springs, 988 F.2d 746, 747 (7th Cir. 1993) (observing that § 2255 "does not grant district judges a visitorial power" to revise sentences). To the extent Mr. Heller asserts claims under the Eighth Amendment for cruel and unusual punishment, those claims are not properly brought in a § 2255 petition. *See* Glaus v. Anderson, 408 F.3d 382, 386-387 (7th Cir. 2005) ("[I]f an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.").

*Request for Counsel*

Mr. Heller filed a motion for appointment of counsel to assist in his § 2255 petition. There is no right to appointed counsel at the post-conviction stage. *See* Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005). Under 18 U.S.C. § 3006A(a)(2), the court may appoint counsel if "the interests of justice so require." The court weigh five factors in exercising this discretion: "(1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the

complaint." United States v. Fowler, 1:03-CR-38, 2007 WL 3046773, *4 (N.D. Ind. 2007) (*citing* Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir.1983)).

The interests of justice don't require the court to appoint Mr. Heller counsel in this matter. Mr. Heller's claims have no merit and he wouldn't stand any better chance of prevailing upon further investigation or with the assistance counsel. The court therefore denies his request for counsel.

## CONCLUSION

Based on the foregoing, Mr. Heller isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 98] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED: May 4, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: L. Heller
    F. Schaffer